SC

**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Carl Dean Schlobom, | No.  CV 13-1237-PHX-DGC (MEA) |
| Plaintiff, | |
| v. | **ORDER** |
| Mountain Vista Medical Center, et al., | |
| Defendants. | |

Plaintiff Carl Dean Schlobom, who is confined in the Arizona State Prison Complex-Lewis, Bachman Unit in Buckeye, Arizona, filed a *pro se* Complaint in Maricopa County Superior Court.  (Doc. 1, Attach. 4.)  In it, Plaintiff named as Defendants Charles Ryan, Director of the Arizona Department of Corrections (ADC), and Richard Pratt, the Interim Division Director of the Division of Health Services for ADC, among others.  Ryan and Pratt were served with the Complaint on May 16, 2013. On June 20, 2013, Ryan and Pratt removed the case to federal court based on federal question jurisdiction.  (Doc. 1.)  They represented that all of the other then-served Defendants consented to the removal.  (*Id.*)  Following removal, the Stryker Corporation filed a motion to dismiss the case.  (Doc. 5.)  In addition, Plaintiff filed a motion for appointment of counsel and later filed a response to a motion to dismiss that had been filed by Defendant Mountain Vista Medical Center (Mountain Vista) while the case was in state court.  (Doc. 6, 8.)  Mountain Vista then filed a motion to strike Plaintiff's

JDDL-K

"second response to the Motion to Dismiss filed by [Mountain Vista]" because Plaintiff had previously filed a response to the motion in state court.  (Doc. 10.)  Finally, Defendant Vasiq filed a motion to dismiss.  (Doc. 12.)

The Complaint in this case facially supports that subject matter jurisdiction is proper in federal court and that the case was timely removed after service.  However, the Court will dismiss the Complaint with leave to amend for failure to state a claim or as duplicative of claims in a previously-filed case, *Schlobom v. Ryan*, No. CV11-1753-PHX-DGC (MEA).   The Court will deny the motions to dismiss filed by Stryker Corporation and Vasiq and will deny Plaintiff's motion to appoint counsel.

## I.        Removal to Federal Court was Proper

A defendant may remove any civil action brought in state court over which the federal court would have original jurisdiction.  28 U.S.C. §1441(a).  That is, a civil action that could have originally been brought in federal court may be removed from state to federal court.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

The Complaint in this case facially supports that subject matter jurisdiction exists in federal court because Plaintiff alleges violations of his federal constitutional rights.  28 U.S.C. §§ 1441, 1442.  Further, Defendants removed the action from state court within 30 days after being served and represent that other then-served Defendants consented to removal.  28 U.S.C. § 1446(b).  The Court concludes this case was properly removed.

## II.       Motion to Strike

As noted above, Plaintiff filed a response in this Court to a motion to dismiss filed by Mountain Vista in state court.  Mountain Vista has filed a motion to strike Plaintiff's response as redundant of a response filed by Plaintiff while the case was in state court. The Court will grant the motion to strike because Mountain Vista's motion to dismiss has not been re-filed in this Court.

Local Rule of Civil Procedure (LRCiv) 3.6(c) provides that:

If a motion is pending and undecided in the state court at the time of removal, the Court need not consider the motion unless and until a party files and serves a notice of pending motion. The notice must: (1) identify the motion by the title that appears in its caption; (2) identify any responsive or reply memoranda filed in connection with the motion, along with any related papers, such as separately filed affidavits or statements of fact; and (3) state whether briefing on the motion is complete, and, if not, it must identify the memoranda or other papers yet to be filed.

Because Mountain Vista has not filed its motion to dismiss in this Court, Plaintiff's opposition filed in this Court was improper. Accordingly, the Court will strike Plaintiff's response.

## III. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's

specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

## IV.   Complaint

In addition to Ryan and Pratt, Plaintiff sues the following current or former ADC employees:  Facility Health Administrator (FHA) Terry Allred, J. Kinton, and Bruce McMorran; Thomas Bell, D.O.; Tara Diaz, Lewis Complex Warden; and Michael Adu-Tutu, Pratt's predecessor.  Plaintiff also sues Wexford Health Services Inc. (Wexford), and Sumi Erno, a Wexford site manager at the Lewis Complex; an unknown manufacturer of medical hardware[1]; Mountain Vista Medical Center (Mountain Vista); and Muhammad Vasiq, M.D., David Robertson, D.O., and Yvel Moreau, M.D., who all

---

[1]  Although Plaintiff states in his Complaint that the manufacturer is unknown, he caused a copy of the Complaint to be served on the Stryker Corporation, which apparently manufactured the medical hardware at issue and which has filed a motion to dismiss.

practiced medicine at Mountain Vista.  Plaintiff seeks compensatory and punitive relief.

As pertinent to Plaintiff's claims in his Complaint, from July 1, 2012 until March 4, 2013, Wexford provided inmate health care under a contract with ADC. Effective March 4, 2013, Corizon Health Inc. took over the provision of medical care to ADC inmates under a contract with ADC.[2]

Plaintiff alleges the following facts in his Complaint:  on September 4, 2010, Plaintiff was assaulted and injured by ADC officers while he was housed in Special Management Unit I (SMU I).  Plaintiff was transported to Mountain Vista for emergency surgery for a compound fracture of his tibia and fibula and treatment of other injuries. Plaintiff was unconscious when he arrived at Mountain Vista and has no memory of talking to anyone about how he was injured.  ADC contracted with Mountain Vista and Vasiq, Robertson, and Moreau to perform or assist in surgery.  According to Plaintiff, during surgery, muscle and nerve tissues were destroyed or damaged resulting in a loss of feeling to portions of Plaintiff's left leg below the knee and causing "continuous and extreme chronic pain."  (Doc. 1, Attach. 4 at 2A.)  In addition, as a result of the surgery, Plaintiff's left leg was half an inch longer than his right leg; this difference caused excruciating pain in Plaintiff's lower back, left leg, and neck.  Plaintiff contends that the medical hardware was defective and/or malfunctioned, bent, and broke in his leg, resulting in extreme pain that continues to the present.  He contends that Defendants involved in the surgery are liable for installing defective hardware or for improperly inserting the hardware causing it to bend or break.

In October 2010, nurses in the Manzanita Hospital Unit of the Tucson Complex took crutches and a wheelchair used by Plaintiff as no longer necessary.  In November 2010, a nurse cut off Plaintiff's cast and removed staples from his leg and told him that he was medically fit for transfer.  Plaintiff received no follow-up care from the doctors who performed the surgery.  Plaintiff was also stopped receiving morphine pain

---

[2]   *See*  http://www.azcorrections.gov/adc/divisions/health/ Health_Svcs_Division _Corizon.aspx (last visited July 18, 2013).

medication and was instead given Gabapentin and Ibuprofen.  Plaintiff has suffered from continuous pain in his left knee, leg, and ankle, and in his lower back and neck.

In January 2011, Plaintiff passed out while climbing stairs to the second floor, where he was being housed despite a Special Needs Order (SNO) for a lower tier/lower bunk assignment because his back was unstable.  Plaintiff was unconscious for up to 20 minutes before medical staff arrived to transport him to the complex medical department. Medical staff examined Plaintiff and contacted an off-site physician, who did not order an MRI or CT scan.  Plaintiff had to walk back to his unit, but he was placed in a first floor cell and assigned a lower bunk.  Plaintiff contends that he blacked out after being assaulted by unknown staff on September 5, 2010.

In February 2011, Plaintiff was taken for an off-site consultation with an orthopedist and x-rays were taken of his leg and ankle.  Plaintiff did not actually see the orthopedist, who was in surgery, before being returned to the Lewis Complex.  Plaintiff contends that the x-rays showed that the medical hardware had become bent, broken, and displaced.

On May 25, 2011, an orthopedist measured Plaintiff for orthopedic shoes and found a half inch difference between Plaintiff's left and right legs.  Plaintiff did not receive orthopedic shoes until September 20, 2011 due to delays in ADC approving payment.

In July 2011, Plaintiff was taken for an off-site visit to Goodyear Hospital, where x-rays were taken.  The orthopedist who read the x-rays recommended surgery to remove medical hardware from Plaintiff's left leg.  In January 2012, Plaintiff was scheduled for surgery to remove the medical hardware by Dr. John Vanderhoof, but Dr. Vanderhoof refused to operate after Plaintiff asked that the hardware be preserved as evidence for a possible lawsuit.  Vanderhoof stated that he felt uncomfortable performing the surgery in light of potential litigation.  Plaintiff was returned to the Lewis Complex.

On July 1, 2012, Wexford's contract with ADC became effective.  As of that date, Defendant Erno became the site manager at the Lewis Complex for Wexford.  Plaintiff

1  contends that Erno denied him the opportunity to have surgery performed on his leg due
2  to the cost to Wexford.

3        Plaintiff currently receives Gabapentin, Tramadol, and Ibuprofen for extreme pain
4  in his left leg, lower back, and cervical spine, but prison medical staff refuse to prescribe
5  narcotic pain-relievers, which are prescribed to non-prisoners with similar conditions.
6  On that basis, Plaintiff contends that he is receiving substandard care.  Plaintiff further
7  contends that the medical hardware in his leg needs to be removed and that further testing
8  is required to assess the extent of his disability.  Since July 2011, Plaintiff has used a
9  wheelchair because he can only walk short distances without extreme pain or falling.
10 Plaintiff contends that Defendants Ryan and Pratt have continued to deny him medically
11 appropriate care, including surgery to remove the medical hardware and a neurological
12 evaluation.

13       According to Plaintiff, Defendant Allred has denied surgery on his leg due to the
14 cost.  He also contends that Allred was aware of his injuries, but ignored Plaintiff's
15 requests, complaints, and grievances.

16       He contends that Wexford ordered medical staff to cancel all off-site consultations
17 and thereby denied him surgery and a neurological consult.

18       Plaintiff alleges that since his arrival at the Barchey Unit in April 2011, Defendant
19 Bell has ignored and downplayed his injuries and denied off-site consultations and
20 adequate pain treatment.  Plaintiff also contends that Bell is not qualified to diagnose or
21 treat Plaintiff's injuries without input from specialists.

22 **V.    Duplicative Claims**

23       On September 6, 2011, Plaintiff commenced his first case concerning the above
24 events in this Court.  *Schlobom v. Ryan*, No. CV11-1753-PHX-DGC (MEA).   After
25 counsel appeared on Plaintiff's behalf in the case, Plaintiff filed a second amended
26 complaint.  *Id.*, doc. 20.  On April 16, 2013, certain defendants were dismissed, but Ryan,
27 Adu-Tutu, Wexford, and Bell were required to respond to the second amended complaint.
28 *Id.*, doc. 28.

On August 28, 2013, the Court granted Plaintiff leave to file a third amended complaint.  *Id.*, Doc. 54.  In relevant part, the Court stated that "To the extent that Plaintiff's newly presented claims are duplicative of claims he presented in his 2013 civil rights case, the Court will consider whether they are duplicative when it issues a screening order in the newly filed case." *Id.* at 3.  In addition to Defendants Ryan, Adu-Tutu, Wexford, and Bell, Plaintiff sued correctional officers Reed, Trough, and Benson and Dr. Vanderhoof and their respective spouses in the third amended complaint. Plaintiff alleges that Reed, Trough, and Benson unilaterally removed Plaintiff's wheelchair without medical authorization and despite Plaintiff's obvious medical need. *Id.*, doc. 55, ¶¶ 50, 113, 114.  Plaintiff alleges that Dr. Vanderhoof was under contract with Wexford and recommended surgery to remove hardware from Plaintiff's leg, but then refused to perform that surgery.[3] *Id.*, doc. 55, ¶¶ 17, 53, 54, 117, 118.

Plaintiff's claims in this case against Ryan, Adu-Tutu, Bell, and Wexford are duplicative of the claims in the third amended complaint filed in CV11-1753. Accordingly, Defendants Ryan, Adu-Tutu, Bell, and Wexford and the claims against them will be dismissed from this action as duplicative.

## VI.    Failure to State a Federal Claim Against the Remaining Defendants

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A.    Allred, Pratt, Diaz, Kinton, McMorran, and Erno

Plaintiff sues current or former FHAs Allred, Kinton, and McMorran, former

---

[3] As noted herein, Wexford did not begin providing medical care to ADC inmates until after the events at issue involving Dr. Vanderhoof.

Interim Division Director of the Division of Health Services Pratt, Complex Warden Diaz, and the Lewis Complex site manager for Wexford Erno.  While each of these Defendants may be sued under § 1983, Plaintiff fails to state a claim against any of them.

To state a claim against a defendant, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom.  *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001).  Further, there is no *respondeat superior* liability under §1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor*, 880 F.2d at 1045.  In addition, where a defendant's only involvement in allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy the alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); accord Proctor v. Applegate, 661 F.Supp.2d 743, 765 (W.D. Mich. 2009); *Stocker v. Warden*, No. 1:07-CV-00589, 2009 WL 981323, at *10 (E.D. Cal. Apr. 13, 2009); *Mintun v. Blades*, No. CV-06-139, 2008 WL 711636, at *7 (D. Idaho Mar. 14, 2008); *see also Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006) (a plaintiff must allege that a supervisor defendant did more than play a passive role in an alleged violation or mere tacit approval thereof; a plaintiff must allege that the supervisor defendant somehow encouraged or condoned the actions of their subordinates).

Plaintiff fails to allege facts to support when and/or where, as well as specifically how, any of the above Defendants violated his constitutional right to medical care for his

serious medical needs.  He makes only vague and conclusory assertions.  Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id*. Plaintiff neither alleges facts to support that the above Defendants directly violated his constitutional rights, nor facts to support that any of them promulgated, endorsed, or condoned a policy, practice or custom that resulted in a violation of Plaintiff's constitutional rights.  Accordingly, Plaintiff fails to state a federal claim against the above Defendants and they will be dismissed.

### B.    Mountain Vista and Stryker Corporation

According to information available on-line, Mountain Vista Medical Center is a Delaware limited partnership.[4]   Plaintiff also sues the manufacturer of the medical hardware used to repair his leg, which he alleges was defective.  Plaintiff caused Stryker Corporation (Stryker) to be served, although he did not file a notice substituting Stryker as the unknown manufacturer.

Claims under § 1983 may be directed at persons and "bodies politic and corporate."  *Monell*, 436 U.S. at 688-89.  Under the Civil Rights Act of 1871, Congress intended municipal corporations and other local government units to be included among those persons to whom § 1983 applies.  *Id.* at 689-90.  That proposition has been extended to corporations that act under color of state law.  *See Sable Commc's of Cal. Inc. v. Pacific Tel. & Tel Co.*, 890 F.2d 184, 189 (9th Cir. 1989) (willful joint participation of private corporation in joint activity with state or its agent taken under color of state law).

There are four ways to find state action by a private entity for purposes of § 1983: (1) the private actor performs a public function, (2) the private actor engages in joint

---

[4]   *See*  http://www.azsos.gov/scripts/TNT_Search_engine.dll/ZoomTNT?NME_ ID=3006564&NME_CODE=F1LP (last visited Oct. 31, 2013).

activity with a state actor, (3) a private actor is subject to governmental compulsion or coercion, or (4) there is a governmental nexus with the private actor. *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003). Under the public function test, "the function [performed by the private actor] must traditionally be the exclusive prerogative of the state." *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995); *see Kirtley*, 326 F.3d at 1093; *Lee v. Katz*, 276 F.3d 550, 554-555 (9th Cir. 2002). A privately owned corporation that provides medical care to state inmates under contract with a state performs a public function that is traditionally the exclusive prerogative of the state.

To state a claim under § 1983 against a private entity performing a traditional public function, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. *See Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997); *Street v. Corrections Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Wall v. Dion*, 257 F. Supp.2d 316, 319 (D. Me 2003); *see also Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727 (4th Cir. 1999); *Rojas v. Alexander's Dep't Store, Inc.* , 924 F.2d 406, 408 (2d Cir. 1990); *Lux by Lux v. Hansen*, 886 F.2d 1064, 1067 (8th Cir. 1989).

Mountain Vista performed a traditional public function, i.e., providing health care to a state inmate under a contract with ADC. Assuming without deciding that Mountain Vista may be sued under § 1983, Plaintiff has not alleged facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by Mountain Vista. For that reason, Plaintiff fails to state a federal claim against Mountain Vista.

Plaintiff also sued the unknown manufacturer of the medical hardware used to repair his leg, which apparently was the Stryker Corporation. The provision of medical hardware is not a traditional public function. Nor has Plaintiff alleged facts to support that Stryker engaged in joint activity with a state actor, was subject to governmental compulsion or coercion, or had a nexus with a state actor. Even if he had, Plaintiff

merely alleges that Stryker is liable for defective products.  Plaintiff has not alleged facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by Stryker.  For both reasons, Plaintiff also fails to state a federal claim against Stryker.

**C.    Drs. Vasiq, Robertson, and Moreau**

Plaintiff sues Drs. Vasiq, Robertson, and Moreau for alleged negligence in connection with their treatment for his injuries at the Mountain Vista Medical Center. While these Defendants may be sued under § 1983 for constitutionally deficient medical care where they treated Plaintiff under contract with ADC, Plaintiff fails to allege facts to support that any of them rendered constitutionally-deficient medical care.

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.  *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).   Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs.

1   *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

2       Deliberate indifference is a higher standard than negligence or lack of ordinary

3   due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor

4   gross negligence will constitute deliberate indifference."  *Clement v. California Dep't of*

5   *Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*,

6   622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

7   "medical malpractice" do not support a claim under § 1983).  "A difference of opinion

8   does not amount to deliberate indifference to [a plaintiff's] serious medical needs."

9   *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care,

10  without more, is insufficient to state a claim against prison officials for deliberate

11  indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407

12  (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of

13  "unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 105.

14      While Plaintiff alleges that Drs. Vasiq, Robertson, and Moreau acted negligently

15  in repairing his leg, he does not allege facts to support that they acted with deliberate

16  indifference to his serious medical needs.  Plaintiff thus fails to state a federal

17  constitutional violation against these Defendants.

18  **VII.   State Law Claims Against the Remaining Defendants**

19      Plaintiff also alleges state law claims for negligence and medical malpractice.

20  Where a federal court has original jurisdiction over an action, such as a case asserting

21  violations of 42 U.S.C. § 1983, the doctrine of pendent jurisdiction allows a federal court

22  to exercise "pendent" or "supplemental" jurisdiction over closely-related state law

23  claims.  *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citing 28 U.S.C.

24  § 1367(a)).   Because Plaintiff fails to state a *federal* claim against the remaining

25  Defendants in his Complaint, the Court declines to exercise jurisdiction over his state law

26  claims in his Complaint and will dismiss those claims without prejudice.  28 U.S.C.

27  § 1367(c).  If Plaintiff seeks to pursue those claims in this action, he must re-allege those

28  claims in any amended complaint.

JDDL-K

- 13 -

**VIII.  Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint and that was voluntarily dismissed or that was dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**IX.  Motion for Appointment of Counsel**

Plaintiff has asked the Court to appoint counsel to represent him in this case because he cannot afford to hire counsel, the complexity of the issues, limited access to legal resources and limited legal knowledge, he is seriously mentally ill for which he is receiving psychiatric treatment, he is physically disabled, expert witnesses may be necessary, and he is represented by counsel in his other case.

There is no constitutional right to the appointment of counsel in a civil case.  *See Ivey*, 673 F.2d at 269.  In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one.  28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional

circumstances" are present.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved.  *Id.*  "Neither of these factors is dispositive and both must be viewed together before reaching a decision."  *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).  Having considered both elements, it does not appear at this time that exceptional circumstances are present, which require the appointment of counsel.  Plaintiff is in no different position than many *pro se* prisoner litigants.  The Court will deny without prejudice Plaintiff's motion for appointment of counsel.

**X.   Warnings**

   **A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

   **B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

   **C.   Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

   **D.   Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the

JDDL-K

dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

(4)    Mountain Vista's motion to strike Plaintiff's response to its motion to dismiss filed in state court is **granted**.  (Doc. 10.)

(5)    Stryker Corporation and Vasiq's motions to dismiss are **denied** as moot. (Doc. 5, 12.)

(6)     Plaintiff's motion for appointment of counsel is **denied**.  (Doc. 6.)

Dated this 20th day of November, 2013.

David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

Revised 5/1/2013                                    1

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>        Attorney for Defendant(s)
> _____
> (Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. Counts.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. Issue Involved.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. Supporting Facts.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. Injury.  State precisely how you were injured by the alleged violation of your rights.

5. Administrative Remedies.  You must exhaust any available administrative remedies before you file a civil rights complaint.  See 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____ ,<br>(Full Name of Plaintiff)       Plaintiff, | ) ) ) ) |
| vs. | ) ) **CASE NO.** _____ |
| (1) _____ ,<br>(Full Name of Defendant) | ) (To be supplied by the Clerk) ) ) |
| (2) _____ , | ) ) |
| (3) _____ , | ) **CIVIL RIGHTS COMPLAINT** ) **BY A PRISONER** |
| (4) _____ , | ) ) |
| Defendant(s). | ) ☐ Original Complaint ) |
| ☐ Check if there are additional Defendants and attach page 1-A listing them. | ) ☐ First Amended Complaint ) ☐ Second Amended Complaint |

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    ☐ Other: _____ .

2.  Institution/city where violation occurred: _____ .

Revised 5/1/2013                                         1

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____.  The first Defendant is employed as:
    _____at_____.
           (Position and Title)                         (Institution)

2.  Name of second Defendant: _____.  The second Defendant is employed as:
    _____at_____.
           (Position and Title)                         (Institution)

3.  Name of third Defendant: _____.  The third Defendant is employed as:
    _____at_____.
           (Position and Title)                         (Institution)

4.  Name of fourth Defendant: _____.  The fourth Defendant is employed as:
    _____at_____.
           (Position and Title)                         (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number:  _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

    b.  Second prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number:  _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

    c.  Third prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number:  _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
       _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer      ☐ Threat to safety   ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.    **Administrative Remedies:**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.    Did you submit a request for administrative relief on Count I?      ☐ Yes    ☐ No
    c.    Did you appeal your request for relief on Count I to the highest level?      ☐ Yes    ☐ No
    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your
        institution?                                                                    ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count II?                  ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?         ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

4

## COUNT III

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your
        institution?                                                                    ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?                 ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?        ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                              DATE                                                            SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.