WO                                                                                          SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl Dean Schlobom,<br><br>                Plaintiff,<br><br>vs.<br><br>Mountain Vista Medical Center, et al.,<br><br>                Defendants. | No.   CV 13-01237-PHX-SPL (MEA)<br><br><br>**ORDER** |

       Plaintiff Carl Dean Schlobom, who is confined in the Arizona State Prison Complex-Lewis, Bachman Unit in Buckeye, Arizona, filed a *pro se* Complaint in Maricopa County Superior Court. (Doc. 1, Attach. 4.) In it, Plaintiff named as Defendants Charles Ryan, Director of the Arizona Department of Corrections ("ADC"), and Richard Pratt, the Interim Division Director of the Division of Health Services for ADC, among others. Ryan and Pratt were served with the Complaint on May 16, 2013. On June 20, 2013, Ryan and Pratt removed the case to federal court based on federal question jurisdiction. (Doc. 1.) They represented that all of the other then-served Defendants consented to the removal. (*Id.*) Following removal, the Stryker Corporation filed a motion to dismiss the case. (Doc. 5.) In addition, Plaintiff filed a motion for appointment of counsel and later filed a response to a motion to dismiss that had been filed by Defendant Mountain Vista Medical Center ("Mountain Vista") while the case was in state court. (Docs. 6, 8.) Mountain Vista then filed a motion to strike Plaintiff's

**JDDL-K**

1  "second response to the Motion to Dismiss filed by [Mountain Vista]" because Plaintiff
2  had previously filed a response to the motion in state court. (Doc. 10.) Defendant Vasiq
3  also filed a motion to dismiss. (Doc. 12.)

4  In an Order filed on November 20, 2013, the Court found that the case had been
5  properly removed to this Court, but dismissed the Complaint for failure to state a claim,
6  or as duplicative of claims in a previously filed case, *Schlobom v. Ryan,* No. CV11-1753-
7  PHX-SPL (MEA), with leave to amend. (Doc. 13.) The Court denied the parties'
8  motions. (*Id.*)

9  Plaintiff has filed a First Amended Complaint. (Doc. 14.) Stryker Corporation
10 and Mountain Vista have each filed motions to dismiss and Plaintiff has filed an
11 ostensible motion for appointment of counsel. The Court will dismiss the First Amended
12 Complaint for failure to state a claim with leave to amend within 30 days. Defendants'
13 motions to dismiss will be denied as moot. Plaintiff's motion for appointment of counsel
14 in which Plaintiff seeks the appointment of a guardian *ad litem* will also be denied.

**I.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

1  claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,
2  550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual
3  content that allows the court to draw the reasonable inference that the defendant is liable
4  for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible
5  claim for relief [is] . . . a context-specific task that requires the reviewing court to draw
6  on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's
7  specific factual allegations may be consistent with a constitutional claim, a court must
8  assess whether there are other "more likely explanations" for a defendant's conduct. *Id.*
9  at 681.

10 But as the United States Court of Appeals for the Ninth Circuit has instructed,
11 courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338,
12 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less
13 stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v.*
14 *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

15 If the Court determines that a pleading could be cured by the allegation of other
16 facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal
17 of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).
18 Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but
19 because it may possibly be amended to state a claim, the Court will dismiss it with leave
20 to amend.

21 **II.   First Amended Complaint**

22 In his First Amended Complaint, Plaintiff alleges one count for constitutionally
23 deficient medical care as well as state law claims for medical malpractice and product
24 liability. Plaintiff sues Mountain Vista Medical Center ("Mountain Vista"); Stryker
25 Medical Corporation ("Stryker"); Yvel Moreau, M.D.; John Doe 1, a sales representative
26 for Stryker; and Charles L. Ryan, the Director of ADC. Plaintiff seeks declaratory,
27 injunctive, compensatory, and punitive relief.

28 Plaintiff alleges the following facts in his First Amended Complaint: on

September 5, 2010, emergency surgery was performed on Plaintiff at Mountain Vista, with which Ryan had contracted to provide medical care for inmates, and titanium rods, screws, and cables were used to repair a compound fracture of Plaintiff's left leg. Dr. Moreau was a licensed orthopedic physician with privileges at Mountain Vista who performed the surgery. Plaintiff contends that the medical hardware used to repair his leg was defective and malfunction; specifically, he contends the hardware is bent, broken, and displaced in his leg. In the alternative, Plaintiff alleges that Moreau used bent, broken, or displaced hardware to repair his leg. Plaintiff contends that Stryker manufactured defective hardware, which was sold to Mountain Vista by Doe. Plaintiff also asserts that Doe was present in the operating room during his surgery.

In July 2011, x-rays were taken of Plaintiff's left leg. An orthopedic physician who reviewed the x-rays recommended that the hardware be removed. Since then, Plaintiff has used a wheelchair and suffers continuous pain. Plaintiff contends that Stryker's hardware was defective, Stryker sold defective hardware to Mountain Vista, and Moreau used the defective hardware to repair Plaintiff's leg. Plaintiff has suffered chronic and extreme pain and suffered permanent injuries as a result. Plaintiff contends that Director Ryan has a policy and practice of failing to provide adequate medical care to inmates and is deliberately indifferent to systemic failures.

**III.    Failure to State a Federal Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.    Mountain Vista and Stryker**

Plaintiff sues Mountain Vista and Stryker, two private corporations. Mountain

Vista is a Delaware limited partnership.[1]  Stryker appears to be a corporation domiciled in Michigan, which manufactured the medical hardware used to repair Plaintiff's leg.[2]

Claims under § 1983 may be directed at persons and "bodies politic and corporate." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 688-89 (1978).  Under the Civil Rights Act of 1871, Congress intended municipal corporations and other local government units to be included among those persons to whom § 1983 applies. *Id.*  That proposition has been extended to corporations that act under color of state law. *See Sable Commc's of Cal. Inc. v. Pacific Tel. & Tel Co.*, 890 F.2d 184, 189 (9th Cir. 1989) (willful joint participation of private corporation in joint activity with state or its agent taken under color of state law).

There are four ways to find state action by a private entity for purposes of § 1983: (1) the private actor performs a public function, (2) the private actor engages in joint activity with a state actor, (3) a private actor is subject to governmental compulsion or coercion, or (4) there is a governmental nexus with the private actor. *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003).  Under the public function test, "the function [performed by the private actor] must traditionally be the exclusive prerogative of the state." *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995); *see Kirtley*, 326 F.3d at 1093; *Lee v. Katz*, 276 F.3d 550, 554-555 (9th Cir. 2002).  Compliance with generally applicable law, without more, is insufficient to show that a private entity was subject to governmental compulsion, such that a private entity is deemed a governmental actor. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 841 (9th Cir. 1999).  "[A] plaintiff must establish some other nexus sufficient to make it fair to attribute liability to the private entity". *Sutton*, 192 F.3d at 841.  "Typically, the nexus has consisted of participation by the state in an action ostensibly taken by the private entity, through conspiratorial agreement (*Adickes* [*v. S.H. Kress & Co.*, 398 U.S.

---

[1]  *See*  http://www.azsos.gov/scripts/TNT_Search_engine.dll/ZoomTNT?NME_ID=3006564&NME_CODE=F1LP (last visited Oct. 31, 2013).

[2]  *See*  http://starpas.azcc.gov/scripts/cgiip.exe/WService=wsbroker1/names-detail.p?name-id=F19035780&type=CORPORATION (last visited June 19, 2014).

144 (1970)]), official cooperation with the private entity to achieve the private entity's goal (*Lugar* [*v. Edmondson*, 457 U.S. 922 (1982)]), or enforcement and ratification of the private entity's chosen action (*Moose Lodge* [*No. 107 v. Irvis*, 407 U.S. 163 ((1972)])." *Id.*

Although Plaintiff alleges facts to support that Mountain Vista performed a traditional governmental function or a nexus to governmental action, Plaintiff does not allege facts to support any connection between the State and Stryker. Rather, Plaintiff alleges that a Stryker sales representative sold medical hardware to Mountain Vista. The provision of medical hardware to another corporation is not a public function. Plaintiff does not otherwise allege facts to support that the State and Stryker engaged in a joint venture, that Stryker was subject to government compulsion or coercion such that it acted under color of state law, or the existence of a governmental nexus with Stryker. Consequently, Plaintiff fails to allege facts to support that Stryker acted under color of state law.

Even assuming that Plaintiff had alleged facts to support that Mountain Vista and Stryker acted under color of state law, Plaintiff fails to state a claim under § 1983 against either. To state a claim under § 1983 against a private entity, assuming facts supporting state action have been alleged, a plaintiff must also allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. *See Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997); *Street v. Corrections Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Wall v. Dion*, 257 F. Supp.2d 316, 319 (D. Me 2003); *see also Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727 (4th Cir. 1999); *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990); *Lux by Lux v. Hansen*, 886 F.2d 1064, 1067 (8th Cir. 1989).

Plaintiff makes only vague and conclusory assertions that his constitutional rights were violated as a result of a policy, decision, or custom of either Mountain Vista or Stryker. Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S.

519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*. Plaintiff has not alleged facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by Mountain Vista or Stryker. Accordingly, Plaintiff fails to state a claim against Mountain Vista or Stryker and they will be dismissed.

### C. Dr. Moreau

Plaintiff also sues Dr. Moreau, who performed surgery on Plaintiff's left leg and used Stryker hardware to repair his leg. While Dr. Moreau may arguably be sued under § 1983 for constitutionally deficient medical care where he performed surgery on Plaintiff's leg pursuant to a contract between Mountain Vista and ADC, Plaintiff fails to allege facts to support that Moreau rendered constitutionally-deficient medical care.

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and

1  harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may
2  also be shown when a prison official intentionally denies, delays, or interferes with
3  medical treatment or by the way prison doctors respond to the prisoner's medical needs.
4  *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

Plaintiff asserts that the Stryker hardware was defective, but Plaintiff does not allege facts to support that Dr. Moreau knew, or should have known, that use of the Stryker hardware for Plaintiff's injuries posed a substantial risk to Plaintiff. Indeed, Plaintiff at best speculates that Dr. Moreau may have used Stryker hardware that was already damaged to repair his leg. Plaintiff wholly fails to allege any facts to support that Dr. Moreau acted with deliberate indifference to Plaintiff's injuries. Accordingly, Plaintiff fails to state a claim against Dr. Moreau and he will be dismissed.

### D.   Ryan

Finally, Plaintiff also sues Director Ryan. To state a claim against a defendant, "[a] plaintiff must allege facts, not simply conclusions [to] show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a

plaintiff must allege that the official acted as a result of a policy, practice, or custom. *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under §1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.

Plaintiff alleges that Ryan contracted with Mountain Vista to provide medical care to ADC inmates and claims that Ryan had a policy and practice of failing to provide constitutionally adequate medical care resulting in systemic failures of medical care for inmates. Plaintiff has not alleged any facts to support that Ryan contracted with Mountain Vista despite knowing, or having reason to know, that Mountain Vista provided, or was likely to provide, constitutionally inadequate medical care to inmates. Plaintiff otherwise fails to allege facts to support that Ryan contracted with Mountain Vista pursuant to a policy or practice of providing constitutionally deficient medical care to inmates. Accordingly, Plaintiff fails to state a claim against Ryan and he will be dismissed.

**IV.   State Law Claims**

Plaintiff appears to also be attempting to allege state law claims for medical malpractice and product liability. Where a federal court has original jurisdiction over an action, such as a case asserting violations of 42 U.S.C. § 1983, the doctrine of pendent jurisdiction allows a federal court to exercise "pendent" or "supplemental" jurisdiction over closely-related state law claims. *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citing 28 U.S.C. § 1367(a)). Because Plaintiff fails to state a *federal* claim against the Defendants in his First Amended Complaint, the Court declines to exercise jurisdiction over his state law claims in his First Amended Complaint and will dismiss

those claims without prejudice. 28 U.S.C. § 1367(c). If Plaintiff seeks to pursue those claims in this action, he must re-allege those claims in any amended complaint.

## V. Leave to Amend

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference. Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint or first amended complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## VI. Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel in which he seeks appointment of a guardian *ad litem* (GAL) under Rule 17(c)(2) of the Federal Rules of Civil Procedure. (Doc. 17.) Rule 17(c)(2) provides that "an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian

1  ad litem. The court must appoint a guardian ad litem — or issue another appropriate
2  order — to protect a minor or incompetent person who is unrepresented in an action." A
3  court should not enter a judgment that operates as a judgment on the merits in a civil case
4  without complying with Rule 17(c). *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir.
5  1989); *accord Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005). "A party
6  proceeding pro se in a civil lawsuit is entitled to a competency determination when
7  *substantial* evidence of incompetence is presented." *Allen*, 408 F.3d at 1153 (emphasis
8  added). That is, when a *substantial* question exists regarding the mental competence of a
9  party proceeding pro se, a district court should conduct a hearing to determine
10 competence so that a GAL can be appointed, if necessary. *Krain*, 880 F.2d at 1121;
11 *accord Allen*, 408 F.3d at 1153. The decision to appoint a GAL under Rule 17(c) is in
12 the sound discretion of the Court. *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014).

13 Plaintiff seeks the appointment of a GAL based on the complexity of the issues,
14 his incarceration, his indigence, and his limited legal experience and limited access to
15 legal resources. None of these reasons are grounds for appointment of a GAL. Plaintiff
16 also asserts that he has been diagnosed as chronically mentally ill, he is under the care of
17 mental health staff, he takes numerous psychotropic medications that *impair* his ability to
18 function normally, and he claims to be incompetent as a result of his mental illness.

19 Plaintiff has not submitted anything to support that he is chronically mentally ill,
20 e.g., such as psychological or psychiatric reports or diagnoses, or even alleged his mental
21 health diagnoses. Further, while Plaintiff asserts that he is incompetent, his filings have
22 been neither fanciful nor delusional. At this juncture, there is not a *substantial* question
23 regarding Plaintiff's competence. Because there is no evidence to support that the
24 appointment of a GAL, or some other order, is necessary under Rule 17 to protect
25 Plaintiff's best interests, his motion will be denied.[3]

---

27 [3] "A guardian *ad litem* is not appointed to serve as counsel but to 'act for the [ward] in the cause, with authority to engage counsel, file suit, and to prosecute, control,
28 and direct the litigation.'" *Adamson v. Hayes*, No. 2010 WL 5069885, at *5 (D. Ariz. Dec. 7, 2010) (quoting *Noe v. True*, 507 F.2d 9, 12 (6th Cir. 1974)). The appointment of a GAL "'deprives the litigant of the right to control the litigation'" and the GAL is

JDDL-K

- 11 -

## VII. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

---

authorized to act on behalf of his ward and may make all appropriate decisions in the course of the specific litigation." *Id.* (quoting *Thomas v. Humfield*, 916 F.2d 1032, 1034 (5th Cir. 1990)). If appointed, a GAL may retain an attorney to represent his ward in litigation, although such attorney likely would have to be retained on either a *pro bono* or contingency fee basis. *Id.* Thus, even if a GAL were appointed and is an attorney, such GAL would not litigate the case for Plaintiff but ostensibly could retain counsel to do so if necessary to protect Plaintiff's interests.

granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The First Amended Complaint (Doc. 14) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2) If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

(4) Defendants' motions to dismiss are **denied**. (Docs. 15, 16.)

(5) Plaintiff's motion for appointment of counsel is **denied**. (Doc. 17.)

Dated this 8th day of August, 2014.

Honorable Steven P. Logan
United States District Judge